# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 2, 2021

```
* * * * * * * * * * * * * *   *
BRITTANY DOCK, on behalf of K.E.,   *       UNPUBLISHED
                                    *
            Petitioner,             *       No. 19-1762V
                                    *
v.                                  *       Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *       Ruling on Entitlement; Concession;
AND HUMAN SERVICES,                 *       Varicella Vaccine; Disseminated Varicella
                                    *       Vaccine-Strain Viral Disease.
            Respondent.             *
                                    *
* * * * * * * * * * * * * *   *
```

Jonathan J. Svitak, Shannon Law Group, Woodbridge, IL, for petitioner.
Lara A. Englund, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On November 15, 2019, Brittany Dock ("petitioner"), on behalf of K.E., filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that K.E. suffered "varicella-strain virus and related sequelae as well as vaccine-induced encephalopathy" as a result of a varicella vaccine administered on February 6, 2017. Petition at 1 (ECF No. 1).

On November 10, 2020, respondent filed a respondent's Rule 4(c) report in which he conceded that petitioner is entitled to compensation in this case. Respondent's Report ("Resp.

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Rept.") at 13. Respondent stated "[m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in the case" and "[i]t is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for disseminated varicella vaccine-strain viral disease." Id. Therefore, petitioner has satisfied all legal prerequisites for compensation under the Act. Id. at 5.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 13; Vaccine Rule 8(d). In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

2